**In re R. Greg BAILEY, Attorney at Law.**

**No. 95–8002.**

United States Court of Veterans Appeals.

June 11, 1998.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

## ORDER

PER CURIAM:

Attorney R. Greg Bailey (respondent) was permitted to appear pro hac vice, pursuant to Rule 46(c) of the Court's Rules of Practice and Procedure (Court's Rules) and under the auspices of the Veterans Consortium Pro Bono Program (Program), as counsel for the appellant in *Odrosky v. Brown*, No. 94–193, on April 24, 1994. After the respondent failed to file a brief or otherwise prosecute the appeal in accordance with orders of the Court and the Court's Rules, the Court, on June 2, 1995, dismissed the appeal. On June 28, 1995, the Court reinstated the appeal and ordered the respondent, in connection with his request to withdraw as counsel for the appellant, to provide specific information related to the respondent's conduct in the case. The respondent filed a late response to the Court's order, stating why he could not comply with one item in the order and either not complying with or ignoring the other four items in the order. Thereafter, on October 6, 1995, the respondent was permitted to withdraw as counsel for the appellant, and the Program assigned a replacement attorney to the case.

The matter of the respondent's conduct in *Odrosky* was referred to this panel of the Court. On December 1, 1995, the Court referred the matter to the Court's Committee on Admission and Practice (Committee) for investigation and report to the Court. Following communications with the Program and the respondent, the filing of a report with the Court on July 18, 1996, to which the respondent objected, and the conduct of a telephonic hearing on November 7, 1997, the Committee filed a supplemental and final report with the Court on February 27, 1998. In its report, the Committee recommended that the respondent's privilege of practicing pro hac vice before the Court be suspended for a period of two years and that this disciplinary action be reported to the other bars of which the respondent is a member.

A review of the Committee's report and the filings of the respondent reveals that the respondent failed to contact his client prior to the dismissal of the appeal on June 2, 1995, and only indirectly contacted him thereafter through a telephone call made by the respondent's father, a non-attorney. On March 30, 1998, the Court ordered the respondent to show cause why the Court should not impose the recommended discipline. The respondent replied to the Court's order on April 30, 1998.

The respondent's misconduct, which involved a lack of diligence in prosecuting this appeal on behalf of the appellant and the failure to respond to lawful requests for information from a disciplinary authority of this Court, violates Rules 1.3, 1.4, and 8.1 of the American Bar Association's Model Rules of Professional Conduct, which have been adopted by this Court, in Rule 1(b) of the Court's Rules of Admission and Practice, as its Code of Professional Responsibility.

On consideration of the foregoing, the recommendation of the Committee, and the responses filed by the respondent, it is

ORDERED that attorney R. Greg Bailey is hereby publicly reprimanded for the conduct described above.